DocuSign Envelope ID: D953881E-6266-4D24-B520-E1B2758CF552

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 1:23CR57-1 |
| | : | |
| v. | : | |
| | : | |
| JOANN JOHNSON DAVIS | : | PLEA AGREEMENT |

NOW COME the United States of America, by and through Sandra J. Hairston, United States Attorney for the Middle District of North Carolina, and the defendant, JOANN JOHNSON DAVIS, in her own person and through her attorney, Alvin Hudson, Esq., and state as follows:

1. The defendant, JOANN JOHNSON DAVIS, is presently under Indictment in case number 1:23CR57-1, which in Count One charges her with a violation of Title 18, United States Code, Section 1349, conspiracy to commit wire fraud; which in Counts Two through Five charge her with violations of Title 18, United States Code, Section 1343, wire fraud; which in Counts Six through Fifteen charge her with violations of Title 18, United States Code, Section 1028A(a)(1), aggravated identity theft; which in Counts Sixteen through Eighteen charges her with violations of Title 18, United States Code, Section 666(a)(1)(A), program fraud; and which in Count Nineteen charges her with a violation of Title 18, United States Code, Section 1001(a)(2), false statements.

2. The defendant, JOANN JOHNSON DAVIS, will enter a voluntary plea of guilty to Count One of the Indictment herein. The nature of this charge and the elements of this charge, which must be proved by the United States beyond a reasonable doubt before the defendant can be found guilty thereof, have been explained to her by her attorney.

    a. The defendant, JOANN JOHNSON DAVIS, understands that the maximum term of imprisonment provided by law for Count One of Indictment herein is not more than 20 years, and the maximum fine for Count One of the Indictment herein is $1,000,000, or both. If any person derived pecuniary gain from the offense, or if the offense resulted in pecuniary loss to a person other than the defendant, JOANN JOHNSON DAVIS, the defendant may, in the alternative, be fined not more than the greater of twice the gross gain or twice the gross loss unless the Court determines that imposition of a fine in this manner would unduly complicate or prolong the sentencing process. The fine provisions are subject to the provisions of Title 18, United States Code, Section 3571, entitled Sentence of Fine.

    b. The defendant, JOANN JOHNSON DAVIS, also understands that as to Count One the Court may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release of not more than three years after imprisonment, pursuant to Title 18, United

DocuSign Envelope ID: D953881E-6266-4D24-B520-E1B2758CF552

States Code, Section 3583.

    c. The defendant, JOANN JOHNSON DAVIS, understands that the Court shall order, in addition to any other penalty authorized by law, that the defendant make restitution to any victims of the offense, pursuant to Title 18, United States Code, Section 3663A.

    d. The defendant, JOANN JOHNSON DAVIS, further understands that the sentence to be imposed upon her is within the discretion of the sentencing Court subject to the statutory maximum penalties set forth above. The sentencing Court is not bound by the sentencing range prescribed by the United States Sentencing Guidelines. Nevertheless, the sentencing Court is required to consult the Guidelines and take them into account when sentencing. In so doing, the sentencing Court will first calculate, after making the appropriate findings of fact, the sentencing range prescribed by the Guidelines, and then will consider that range as well as other relevant factors set forth in the Guidelines and those factors set forth in Title 18, United States Code, Section 3553(a) before imposing the sentence.

    e. The defendant, JOANN JOHNSON DAVIS, understands that if she is not a citizen of the United States that entering a plea of guilty may have adverse consequences with respect to her immigration status. The defendant, JOANN JOHNSON DAVIS, nevertheless wishes to enter a

voluntary plea of guilty regardless of any immigration consequences her guilty plea might entail, even if such consequence might include automatic removal and possibly permanent exclusion from the United States. The defendant, JOANN JOHNSON DAVIS, further understands that in the event she is a naturalized citizen, entering a plea of guilty may result in denaturalization proceedings being instituted against her leading to her removal and possible permanent exclusion from the United States.

3. By voluntarily pleading guilty to Count One of the Indictment herein, the defendant, JOANN JOHNSON DAVIS, knowingly waives and gives up her constitutional rights to plead not guilty, to compel the United States to prove her guilt beyond a reasonable doubt, not to be compelled to incriminate herself, to confront and cross-examine the witnesses against her, to have a jury or judge determine her guilt on the evidence presented, and other constitutional rights which attend a defendant on trial in a criminal case.

4. The defendant, JOANN JOHNSON DAVIS is going to plead guilty to Count One of the Indictment herein because she is, in fact, guilty and not because of any threats or promises.

5. The extent of the plea bargaining in this case is as follows:

    a. Upon the acceptance by the Court of a guilty plea by the defendant, JOANN JOHNSON DAVIS, to Count One of the Indictment herein,

4

and at the conclusion of the sentencing hearing thereon, the United States will not oppose a motion to dismiss the remaining counts of the Indictment herein as to the defendant, JOANN JOHNSON DAVIS. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure.

      b. It is understood that if the Court determines at the time of sentencing that the defendant, JOANN JOHNSON DAVIS, qualifies for a 2-level decrease in the offense level under Section 3E1.1(a) of the Sentencing Guidelines and that the offense level prior to the operation of Section 3E1.1(a) is 16 or greater, then the United States will recommend a decrease in the offense level by 1 additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure.

      c. The defendant, JOANN JOHNSON DAVIS, hereby abandons interest in, and consents to the official use, destruction, or other disposition of each item seized and/or maintained by any law enforcement agency during the course of the investigation, unless such item is specifically provided for in another section of this plea agreement. The defendant, JOANN JOHNSON DAVIS, waives any and all notice of any proceeding to implement the official use, destruction, or other disposition of such items.

DocuSign Envelope ID: D953881E-6266-4D24-B520-E1B2758CF552

d. The defendant, JOANN JOHNSON DAVIS, waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

e. Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a defendant during the course of plea proceedings. The defendant, JOANN JOHNSON DAVIS, knowingly and voluntarily waives the protections of these rules as it relates to plea proceedings. If the defendant, JOANN JOHNSON DAVIS, pleads guilty and later seeks to withdraw her guilty plea (or seeks to directly appeal or collaterally attack her conviction), any statement made at the plea proceedings in connection with such plea, and any leads derived therefrom, shall be admissible for any and all purposes.

f. The defendant, JOANN JOHNSON DAVIS, further agrees to pay restitution, as determined by the Court, to any victims harmed by the defendant's relevant conduct, as defined by U.S.S.G. § 1B1.3, pursuant to Title 18, United States Code, Section 3663A(a)(3).

g. In exchange for the government's agreement to dismiss the

DocuSign Envelope ID: D953881E-6266-4D24-B520-E1B2758CF552

remaining counts of Indictment herein, the defendant, JOANN JOHNSON DAVIS, entirely waives her right to collaterally attack her conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. § 2255 motion. The only exceptions are that the defendant, JOANN JOHNSON DAVIS, may collaterally attack her conviction and sentence if: (1) the court enters a sentence above the statutory maximum; (2) the court enters a sentence based on an unconstitutional factor, such as race, religion, national origin, or gender; (3) the claim is based on ineffective assistance of counsel; or (4) the claim is based on prosecutorial misconduct not known to the defendant at the time of her guilty plea.

   h. In exchange for the government's agreement to dismiss the remaining counts of the Indictment herein, the defendant, JOANN JOHNSON DAVIS, entirely waives her right to a direct appeal of her conviction and sentence on any ground (including any argument that the statute to which the defendant is pleading guilty is unconstitutional or that the admitted conduct does not fall within the scope of the statute). The only exceptions are that the defendant, JOANN JOHNSON DAVIS, may file a direct appeal of her sentence if (1) the court enters a sentence above the statutory maximum, (2) the court enters a sentence based on an unconstitutional factor, such as race, religion, national origin, or gender; or (3) the government appeals the sentence.

DocuSign Envelope ID: D953881E-6266-4D24-B520-E1B2758CF552

6. The defendant, JOANN JOHNSON DAVIS, agrees that pursuant to Title 18, United States Code, Section 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment and subject to immediate enforcement by the United States. The defendant agrees that if the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a

8

DocuSign Envelope ID: D953881E-6266-4D24-B520-E1B2758CF552

limitation on the methods available to the United States to enforce the judgment.

7. The defendant, JOANN JOHNSON DAVIS, agrees that her debt resulting from the criminal monetary penalties due under the criminal judgment will be submitted to the Treasury Offset Program even if she is current in her payments under any Court imposed payment schedule.

8. It is further understood that the United States and the defendant, JOANN JOHNSON DAVIS, reserve the right to bring to the Court's attention any facts deemed relevant for purposes of sentencing.

9. The defendant, JOANN JOHNSON DAVIS, further understands and agrees that pursuant to Title 18, United States Code, Section 3013, for any offense committed on or after October 11, 1996, the defendant shall pay an assessment to the Court of $100 for each offense to which she is pleading guilty. This payment shall be made at the time of sentencing by cash or money order made payable to the Clerk of the United States District Court. If the defendant is indigent and cannot make the special assessment payment at the time of sentencing, then the defendant agrees to participate in the Inmate Financial Responsibility Program for purposes of paying such special assessment.

DocuSign Envelope ID: D953881E-6266-4D24-B520-E1B2758CF552

10. No agreements, representations, or understandings have been made between the parties in this case other than those which are explicitly set forth in this Plea Agreement, and none will be entered into unless executed in writing and signed by all the parties.

This the 10th day of April, 2023.

| | |
|---|---|
| _____<br>SANDRA J. HAIRSTON<br>United States Attorney | _____<br>ALVIN HUDSON<br>Attorney for Defendant |
| _____<br>JOANNA G. MCFADDEN<br>NYSB #4500948<br>Assistant United States Attorney<br>101 S. Edgeworth St., 4th Floor<br>Greensboro, NC 27401<br>336/333-5351 | _____<br>JOANN JOHNSON DAVIS<br>Defendant |

/S/ STI